**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2039 JCH |
| | ) |
| MED PREPS LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 11). The matter is fully briefed and ready for disposition.

**BACKGROUND**

On July 19, 2019, Plaintiff Richard Bell filed a Complaint against Defendant Med Preps LLC in this case for copyright infringement under 17 U.S.C. §101 et seq. (ECF No. 1, ¶ 2). Plaintiff alleges that he took a photograph of the Indianapolis skyline in March of 2000 (hereinafter "the Indianapolis Photo"). *Id.*, ¶¶ 1,7. The Indianapolis Photo was first published on the internet on August 29, 2000 by the Plaintiff on "Web Shots" and was recently published on a website created by the Plaintiff under the domain name: www.richbellphotos.com. *Id.*, at ¶10. Plaintiff alleges that the Photo was registered with the U.S. Copyright Office on August 4, 2011, and was assigned Registration Number VA0001785115. *Id.* ¶¶ 1, 11. Plaintiff asserts that since March 2000 he has published or licensed for publication all copies of the Photo in compliance with copyright laws and has remained the sole owner of the copyright. *Id.*, at ¶ 9.

In 2018 or 2019, the Plaintiff discovered that the Defendant had published the Indianapolis Photo in an advertisement on its website without authorization to do so.[1] *Id.*, at ¶ 1, 18. Plaintiff alleges that the Defendant utilized the Indianapolis Photo on their website: www.worldpopulationstatistics.com to attract prospective customers to Defendant's business in Indianapolis. *Id.*, ¶¶ 14-15. Plaintiff alleges that the Defendant, beginning in 2014, published the Indianapolis Photo for commercial use without paying for its use, or obtaining authorization from the Plaintiff. *Id.*, at ¶ 20.

On October 1, 2019, the Defendant filed a Motion to Dismiss alleging defensive collateral estoppel. (ECF No. 11). On October 2, 2019, the Plaintiff filed its Response challenging Defendant's defensive collateral estoppel and alleging offensive collateral estoppel. (ECF No. 15). Plaintiff asked for leave to supplement his response to the Motion to Dismiss on October 23, 2019. (ECF No. 22). The Court granted the motion on October 24, 2019. (ECF No. 23). The Defendant filed its Reply on October 29, 2019.

## **DISCUSSION**

The Copyright Act of 1976 provides that:

> the owner of a copyright…has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies…; (3) to distribute copies of the copyrighted work to the public…and (5) in the case of …pictorial…works…to display the copyrighted work publicly.

*Kennedy v. Gish, Sherwood & Friends, Inc.*, 143 F. Supp. 3d 898, 904 (E.D. Mo. 2015)(citing 17 U.S.C. § 106 (2002)). "To establish copyright infringement, a plaintiff must demonstrate that he

---

[1] Paragraph 1 of Plaintiff's Complaint states 2018. Paragraph 18 of Plaintiff's Complaint. however, states that the alleged infringement was discovered in February of 2019.

owns a valid copyright and that the defendant has copied, displayed, or distributed protected elements of the copyrighted work without authorization." *Kennedy,* 143 F. Supp. 3d, at 904, citing *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 (8th Cir. 2004).

Defendant argues that Plaintiff's case should be dismissed on the basis of collateral estoppel as to the first element of copyright infringement, ownership. (ECF No. 11). "Under the doctrine of collateral estoppel, … 'when an issue of fact or law is actually litigated and determined by a valid and final judgement, and the determination is essential to the judgement, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Turner v. U.S. Dept. of Justice*, 815 F.3d 1108, 1111 (8th Cir. 2016)(citing, Restatement (Second) of Judgements § 27 (Am. Law Inst. 1982)). The Eight Circuit has held that for collateral estoppel to apply five elements must be met:

> (1) The party sought to be precluded in the second suit was a party … in the prior suit; (2) the issue sought to be precluded is the same as the issue involved in the prior action; (3) the issue was "actually litigated" in the prior action; (4) the issue was determined by a valid and final judgement; and (5) the determination in the prior action was "essential to the judgement.

*Turner,* 815 F.3d at 1111 (citing *Morse v. Comm'r*, 419 F.3d 829, 834 (8th Cir. 2005).

For the purposes of collateral estoppel, the Defendant asks the court to take judicial notice of the jury verdict in *Richard N. Bell v. Carmen Commercial Real Estate Services,* filed in the United States District Court for the Southern District of Indiana (No. 1:16-CV-01174-JRS-MPB). Defendant argues that the verdict establishes that Plaintiff has not met the basis of his complaint because he cannot demonstrate ownership or copyright of the Photo. (ECF Nos. 12, 24).

In response, Plaintiff asserts that the Defendant has not relied upon a valid final judgement. Plaintiff argues that the *Carmen* decision is not a final non-appealable judgement and therefore should not be relied upon. (ECF No. 15, at 3). Plaintiff asserts that they have moved for a new trial and intends to appeal the jury verdict in this case. *Id.* Plaintiff additionally asserts offensive collateral estoppel on the basis of *Bell v. Maloney,* No. 1:16-CV-01193 (S.D. IND. May 23, 2019) and *Bell v. Texas Haus Investments, LLC*, No. 16-CV-726A (N.D. Tex. Sep. 25, 2017) as conclusive as to Plaintiff having taken the Photo; being the sole owner of the copyrights; and registering the photo with the U.S. Copyright Office. (ECF No. 15, at 2). Plaintiff also raises findings of fact in *Bell v. Taylor*, 827 F.3d 699, 702 (7th Cir. 2016) and *Bell v. Taylor*, 2014 WL 4250110, at *3 (S.D. Ind., Aug. 26, 2014) [2] to establish that he is the owner of the Indianapolis Photo.

Defendant challenges the factual issues determined in the cases cited by the Plaintiff for the purposes of offensive collateral estoppel. Defendant suggests that the issue of ownership in *Maloney* and *Texas Haus* were in the context of the defendant's affirmative defense that the Indianapolis Photo was a work for hire under 17 U.S.C. §101. Defendant argues that the actual authorship of the Indianapolis Photo was not challenged in these cases. (ECF No. 24, at 5). Defendant further argues that the only issue actually litigated in *Texas Haus* was the alleged infringement by defendant. *Id.* at 6. Defendant further argues that the *Taylor* cases cannot be used for offensive collateral estoppel because neither defendant vigorously contested ownership in either case. *Id.*, 7-8.

---

[2] In *Bell v.* Taylor, 791 F.3d 745 (7th Cir. 2015), the Seventh Circuit held that the District Court's summary judgement in Bell *v. Taylor*, 2014 WL 4250110 (S.D. Ind. Aug. 26, 2014) was not a final order subject to appellate jurisdiction.

Defendant, in Reply, additionally argues that Plaintiff's complaint lacks sufficient facts to state a claim. (ECF No. 24). Defendant argues that the Plaintiff states that he took the Indianapolis Photo in March of 2000, that he published the photo on the internet August 29, 2000, but did not obtain a copyright in the photo until August 4, 2011, approximately 11 years after it was published. *Id.*, 1-2. Defendant suggests that in accordance with 17 U.S.C. § 410(c) the Plaintiff has not pled facts to show that he has ownership of the Indianapolis Photograph. 17 U.S.C. § 410(c) states that:

> In any judicial proceeding the certificate of a registration made before or within five years after the first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

17 U.S.C. § 410 (c). Defendant asserts that the Plaintiff therefore is not entitled to any presumption of validity. (ECF No. 24). The Court will not address arguments raised only on reply because they have not been fully briefed.

Upon consideration of the arguments presented to the Court, specifically the conflicting arguments regarding the appropriateness of offensive and defensive collateral estoppel in this case, the alleged deficiencies with the cases submitted as a basis for collateral estoppel, and the applicability of 17 U.S.C. §410(c) to the facts in this case, the Court determines that the issues presented here are more appropriate for review on summary judgement. The Court will therefore deny Defendant's Motion to Dismiss and grant the Parties leave to raise these issues on summary judgement.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 11) is **DENIED.**

Dated this 4th day of November 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE